Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7833 | **DATE** | 7/15/2003 |
| **CASE TITLE** | Cichon vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Cichon's petition for attorney's fees is granted in the amount of $6,867.34.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 16 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/15/2003 | |
| | | courtroom deputy's initials cav | | date mailed notice cav |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN CICHON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 00 C 7833 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

DOCKETED
JUL 1 6 2003

## MEMORANDUM OPINION AND ORDER[1]

NAN R. NOLAN, Magistrate Judge:

This matter is before the Court on plaintiff John Cichon's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). On August 30, 2002, the Court reversed and remanded for further consideration Cichon's application for Disability Insurance Benefits and Supplemental Security Income. Cichon claims that he is entitled to fees because the Commissioner's position in defending the decision of the Administrative Law Judge ("ALJ") was not "substantially justified." For the reasons set forth below, Cichon's application for attorney's fees is granted in the amount of $6,867.34.

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).



## BACKGROUND[2]

Cichon applied for Title II disability benefits on January 19, 1999, alleging that he had been incapable of working since April 3, 1998 due to a herniated disc. The Social Security Administration ("SSA") denied his application initially and on reconsideration, finding that he was capable of returning to past work despite the pain and discomfort caused by his medical condition. Following a hearing on September 2, 1999, the ALJ denied Cichon's claim for benefits, finding that he could perform light work as a cashier, assembler, gate or lobby attendant, or visual inspector.

The SSA Appeals Council denied Cichon's request for review, so Cichon sought review of the Commissioner's decision before this Court under 42 U.S.C. §405(g). Cichon argued that the ALJ wrongly discredited his testimony regarding symptoms of pain and physical limitations, and improperly weighed an SSA Disability Determination Service ("DDS") medical report more heavily than the report of a treating physician, Dr. Michael Caron. Cichon also argued that the ALJ relied on only selected portions of Dr. Caron's report and failed to address evidence that supported Cichon's claim of disability. The Court agreed and remanded the matter to the ALJ for further development of the record and an explanation of the reasoning behind the conclusion that Cichon could perform light work.

On November 27, 2002, Cichon filed a timely application for fees in the amount of $6,867.34. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner challenges Cichon's entitlement to fees and, alternatively, the reasonableness of the requested amount.

---

[2] This order presumes familiarity with the Court's previous opinion, *Cichon v. Barnhart*, 222 F. Supp. 2d 1019 (N.D. Ill. 2002).

2

## DISCUSSION

Under the EAJA, a court may award attorney's fees to a prevailing party in a civil suit against the government if the government's position was not "substantially justified." 28 U.S.C. §2412(d)(1)(A). It is undisputed that Cichon has prevailing party status. Def. Mem., p. 2; *Shalala*, 509 U.S. at 300. Thus, the only issue is whether the government's position was substantially justified; that is, whether it was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Seventh Circuit has held that "substantial justification" is demonstrated when the government's position is grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000) (citations and quotations omitted). In making a substantial justification determination, a court should consider both the government's litigation and pre-litigation conduct. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). Merely prevailing in a lawsuit against the government does not automatically entitle a party to fees under the EAJA. However, the government bears the burden of establishing that its position was substantially justified. *Id.*; *Hallmark*, 200 F.3d at 1079.

### A. Cichon's Entitlement to Attorney's Fees

In this case, the Court found that the ALJ's decision to deny benefits to Cichon was not supported by substantial evidence because he did not build a logical bridge between the evidence and his conclusion that Cichon could perform light work, or adequately articulate the reasoning behind his credibility determinations. The Court now concludes that the ALJ's decision was not

3

reasonably based in fact or law, and that the Commissioner was not substantially justified in her position that the record contained adequate evidence to support the ALJ's findings.

The record demonstrates that the ALJ's findings and the hypotheticals he posed to the vocational expert ("VE") indicated a selective disregard of favorable evidence from the most recent report of treating physician Dr. Caron. For example, in assessing Cichon's work capacity, the ALJ did not explain why he apparently rejected Dr. Caron's statements that Cichon had a two-hour work tolerance and a need to recline for one to three hours. Nor did he incorporate those limitations in the hypotheticals he posed to the VE. *See Scott v. Barnhart*, 297 F.3d 589, 596 (7th Cir. 2002) (ALJ must consider all available medical evidence and articulate specific reasons for accepting or rejecting it). In addition, though opinions from "treating sources" are generally given more weight than other opinions, the ALJ appeared to weigh the DDS report more heavily than Dr. Caron's, without any explanation. *See Criner v. Barnhart*, 208 F. Supp. 2d 937, 950 (N.D. Ill. 2002) ("[t]he ALJ is required to give 'good reasons in [the] notice of determination or decision for the weight [given to a] treating source's opinion'"). The Commissioner points out that in addition to the DDS report, an April 1998 report from another treating physician, Dr. Lagattuta, also supported the ALJ's finding that Cichon could perform a range of light work. Def. Mem., pp. 4-5. However, Dr. Lagattuta's report was issued a year and a half before Dr. Caron's and did not reflect the most recent medical evidence.

With respect to Cichon's claims of pain and functional limitations, the ALJ improperly discredited his entire testimony without any clear rationale. First, the ALJ erred by summarily accepting Dr. Caron's statement that Cichon could perform light work. Dr. Caron's use of the terms "light," "medium" and "heavy" in his report was not determinative of Cichon's actual

4

residual functional capacity ("RFC"). *See Graves v. Barnhart*, No. 01 C 50372, 2002 WL 1770754, at *6 (N.D. Ill. July 31, 2002) (medical opinions bear strongly upon an RFC determination but "they are not conclusive; the determination is left to the Commissioner, who must resolve any discrepancies in the evidence and base a decision upon the record as a whole"). And though the ALJ did point to evidence in the doctor's report that Cichon could lift forty to sixty pounds standing and do minimal amounts of bending and squatting, he failed to address other evidence in the report that Cichon had a two-hour standing limitation, a two-hour work tolerance, and a need to recline for one to three hours. This omission was significant because "light" work can require "a good deal of walking or standing." 20 C.F.R. §404.1567(b); *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) (internal quotations omitted) ("[w]e have repeatedly stated . . .that an ALJ must 'minimally articulate his reasons for crediting or rejecting evidence of disability'").

Furthermore, in rejecting Cichon's testimony, the ALJ relied on a purported inconsistency between Cichon's claim that he could not stand for more than five to ten minutes with a maximum lifting weight of twenty pounds, and Dr. Caron's finding that Cichon could stand for two hours with a maximum weight of forty to sixty pounds. However, the ALJ did not explain why this led him to discredit all of Cichon's testimony as opposed to just the inconsistent portions. For example, Cichon stated that in addition to the standing and lifting restrictions, he experienced continual back pain and numbness and weakness of the legs, and he needed constant pain medication throughout the day. The ALJ did not explore with the VE whether certain of these conditions were more important than others in a disability determination, or whether Cichon would be disabled if his consistent testimony was factored into the hypotheticals. *See,*

5

*e.g., Green v. Apfel*, 204 F.3d 780, 781-82 (7th Cir. 2000); *Crosby v. Halter*, 152 F. Supp. 2d 955, 960 (N.D. Ill. 2001) (court "will not reject the statements of the individual . . . solely because the available medical evidence does not substantiate [plaintiff's] statements").

Finally, the ALJ improperly concluded that Cichon could perform "at least light work" because he did some part-time landscaping work. The ALJ failed to clarify how much time Cichon actually spent on landscaping work each week and did not consider whether he had special work conditions to accommodate his impairment. *See* 20 C.F.R. §404.1573. The Commissioner argues that "the fact that Plaintiff would endeavor to work at [a medium] exertional level, regardless of whether such work was full-time, bore some impact upon the credibility of Plaintiff's allegations that he was debilitated from light work." Def. Mem., p. 6. But Cichon's employer was aware of his condition and specifically told him "don't push it." Thus, the landscaping activity was not necessarily inconsistent with either Cichon's testimony or his medical reports.

In light of the ALJ's selective reliance on Dr. Caron's report, his failure to adequately articulate the reasoning behind his total rejection of Cichon's testimony, and his failure to build a logical bridge between the evidence and his finding of no disability, the Court does not believe that the Commissioner met her burden of establishing that her position in supporting the ALJ's conclusion was substantially justified. *See Corder v. Massanari*, No. 00 C 2714, 2001 WL 1355986, at *2 (N.D. Ill. Nov. 1, 2001) ("if an ALJ's decision lacks an adequate factual basis . . . then the Commissioner's position in relying upon it cannot be substantially justified").

B.  **Amount of Fees and Costs**

Having determined that Cichon is entitled to his attorney's fees, the Court next considers whether the amount requested is reasonable. Cichon seeks $6,867.34 in fees and expenses, representing 48.5 hours of work at approximately $141 per hour. This amount includes a proper request for fees incurred in pursuing this fee request. *See Commissioner, INS v. Jean*, 496 U.S. 154, 162 (1990). The Commissioner does not object to the stated hourly rate. Rather, the Commissioner argues that 8.1 hours to prepare and file the complaint, 5 hours to review the Commissioner's summary judgment brief, 3.5 hours to review the Court's decision, and 8.5 hours to prepare the EAJA petition are all excessive. She also argues that the fees requested are excessive to the extent they include duplicative entries. Def. Mem., p. 8.

The Court has reviewed the itemized fee request and finds that it is neither excessive nor duplicative. *See, e.g., Willis v. Barnhart*, No. 99 C 3437, 2002 WL 31779907, at *3 (N.D. Ill. Dec. 11, 2002) ($8,002.68 in fees reasonable for 56.25 hours of work); *Stringer v. Apfel*, No. 97 C 1223, 1998 WL 774138, at *3 (N.D. Ill. Oct. 29, 1998) ($7,848.18 in fees reasonable for 48.51 hours of work). Thus, Cichon is entitled to $6,867.34 in attorney's fees.

## CONCLUSION

For the reasons stated above, Cichon's application for attorney's fees pursuant to the EAJA is granted in the amount of $6,867.34.

NAN R. NOLAN
United States Magistrate Judge

Dated: July 14, 2003

7